O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEVIN ARTHUR WILSON, | ) | CASE NO. CV 13-1986 VAP (RZ) |
| Petitioner, | ) | |
| vs. | ) | ORDER SUMMARILY DISMISSING HABEAS ACTION FOR LACK OF JURISDICTION |
| FEDERAL BUREAU OF PRISONS, et al., | ) | |
| Respondents. | ) | |

The Court will dismiss this 28 U.S.C. § 2241 habeas action summarily for lack of jurisdiction, as explained below.

## I.

## INTRODUCTION

Petitioner is a federal inmate housed at Terminal Island. He strongly prefers to be housed in a Residential Re-entry Center (RRC), or halfway house, as he nears his 2014 release date. *See* Pet. at 3. The Bureau of Prisons ("BOP") denied his request for a transfer to an RRC, at least until later in his term. Arguing that the BOP improperly denied his request for an earlier RRC transfer, in that his request is so clearly meritorious, Petitioner seeks a habeas writ compelling the BOP to transfer him as soon as he wishes. The Court lacks jurisdiction to review such individualized BOP decisions.

## II.

## APPLICABLE LAW

### A.   The BOP's Authority To Transfer Prisoners

The BOP generally has the authority to choose where to locate federal prisoners within the federal prison system. Under 18 U.S.C. § 3621(b), the BOP may designate the place of an inmate's imprisonment, including transfers "at any time." *Rodriguez v. Smith*, 541 F.3d 1180, 1182, 1185 (9th Cir. 2008). Such decisions are discretionary, but the BOP must consider the following five factors in making them:

(1)   the resources of the facility contemplated;
(2)   the nature and circumstances of the offense;
(3)   the history and characteristics of the prisoner;
(4)   any statement by the court that imposed the sentence –
   (A)   concerning the purpose for which the sentence to imprisonment was determined to be warranted; or
   (B)   recommending a type of penal or correctional facility as appropriate; and
(5)   any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b); *Rodriguez,* 541 F.3d at 1188. When a federal prisoner approaches the end of his sentence, a second statute requires the BOP to decide, based on the same five factors, whether the prisoner is suitable for transfer to an RRC to ease his transition back into a community. 18 U.S.C. § 3624(c)(6)(A); *see Sacora v. Thomas,* 628 F.3d 1059, 1062 (9th Cir. 2010). A third statute provides that the judicial-review provisions of the Administrative Procedure Act (APA) "do not apply to the making of any determination, decision, or order" under 18 U.S.C. sections 3621 through 3624 ("this subchapter"). 18 U.S.C. § 3625. The Court next turns to the consequences of that third statute.

**B.  Courts Generally Lack Jurisdiction To Review RRC Transfer Denials**

As explained in a similar action by a federal prisoner challenging an RRC decision in 2011,

> The court does not have subject matter jurisdiction with respect to the BOP's individualized determination of his request. In *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011), the Ninth Circuit determined that 18 U.S.C. § 3625 precludes judicial review of "any determination" by BOP made pursuant to 18 U.S.C. §§ 3621–3624.FN3  That includes actions brought pursuant to the Administrative Procedure Act ("APA") and habeas. *Id*. at 1225–27.  "To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625." *Id.* at 1227 . . . .
>
> > FN3. Although Reeb involved a determination regarding the residential drug abuse program ("RDAP") as opposed to a CCC or home detention, the difference is immaterial as the RDAP determination is also made pursuant to § 3621.

*Brown v. Sanders*, No. 11-4066 JST (AGR), 2011 WL 4899919, at *2 (C.D. Cal. Sept. 1, 2011) (R&R), *accepted*, 2011 WL 4896513 (Oct. 10, 2011). *Reeb* left open the proverbial door to some kinds of habeas challenges to BOP decision-making.  "Although judicial review remains available for allegations that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority, Reeb's habeas petition alleges only that the BOP erred in his particular case." 636 F.3d at 1228.

///

///

///

## III.

## DISCUSSION

Just as in *Reeb* and *Brown*, Petitioner argues "only that the BOP erred in his particular case," not that the BOP action was contrary to federal law. Petitioner asserts that his circumstances, evaluated under the five-point test of 18 U.S.C. § 3621(b), plainly warrant a prompt RRC transfer. Under 18 U.S.C. § 3625, *Reeb* and *Brown*, this Court lacks jurisdiction to review the BOP's alleged error.

## IV.

## RECOMMENDATION

For the foregoing reasons, the Court DISMISSES this action without prejudice for lack of jurisdiction.

DATED: March 28, 2013

*Virginia A. Phillips*
VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE